# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHYAR YASIN,<br><br>    Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, et al.,<br><br>    Respondents. | No. 25cv3378-BTM-DDL<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Pending before the Court is Petitioner Zhyar Yasin's petition for a writ of habeas corpus. The Court finds that the record is sufficient to rule on the papers and that oral argument would not aid in the resolution of this matter.

### A. Background

Petitioner, a Kurdish native of Iraq, sought to escape persecution in Iraq by crossing from Mexico into the United States. Petitioner was granted humanitarian parole on January 30, 2025. Petitioner filed an asylum application on April 22, 2025. Immigration and Customs Enforcement (ICE) agents detained Petitioner on October 9, 2025. He has been in ICE detention since then.

Petitioner now seeks habeas relief and claims that his parole was unlawfully revoked. He claims that his detention runs afoul of the Administrative Procedure Act, the Due Process Clause, and the Fourth Amendment. The Government claims that this Court lacks jurisdiction, that Petitioner is lawfully detained under 8 U.S.C. § 1225, and that Petitioner's Fourth Amendment claim lacks merit.

### B. Discussion

Whether there is jurisdiction to review the revocation of parole depends on whether the Department of Homeland Security (DHS) exercised its discretion when revoking parole. *See Hassan v. Chertoff*, 593 F.3d 785, 789-90 (9th Cir. 2010) (per curiam) (finding no jurisdiction over discretionary decision to revoke parole because DHS followed the regulations at issue); *see also Noori v. LaRose*, No. 25-cv-1824, 2025 U.S. Dist. LEXIS 194953, *15-24 (S.D. Cal. Oct. 1, 2025) (maintaining jurisdiction to review lawfulness of parole revocation); *Orellana v. Francis*, No. 25-CV-04212, 2025 U.S. Dist. LEXIS 160866, *9 (E.D.N.Y. Aug. 19, 2025) ("[T]he Court finds that § 1252(a)(2)(B)(ii) does not preclude the Court from reviewing the lawfulness of the revocation of Petitioner's parole."); *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, ____ (D. Or. 2025) ("[T]he Review Statute and the Parole Statute do not preclude this District Court from reviewing whether the decision to terminate Petitioner's parole was lawful."). There will be jurisdiction if DHS failed to follow the law when revoking parole. Because

that issue is ripe for review, Petitioner is not required to further exhaust any potential administrative remedies. The Government has also waived the issue of exhaustion by raising it in a footnote. *See United States v. Rodriguez*, 971 F.3d 1005, 1015 n.8 (9th Cir. 2020) (finding an issue in a footnote insufficiently raised). In any event, exhaustion would be futile because of *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).

Congress allows for the revocation of parole "when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served." 8 U.S.C. § 1182(d)(5)(A). When the Secretary so opines, "the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." Id. Under regulations, the Secretary has delegated the decision making to various officials. 8 C.F.R § 212.5(a) (listing the officials).

Due process for parole terminations requires (1) a decision by an appropriate official on whether the purpose of parole has been served; (2) written notice of the reasons for the termination; and (3) a fair opportunity to rebut the reasons given for the termination. *See Noori*, 2025 U.S. Dist. LEXIS 194953, *29 ("Petitioner was entitled to due process in his parole revocation. Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination."); *Y-Z-L-H*, 792 F. Supp. 3d at ____ ("[A]s a noncitizen with connections in the United States who is no longer at the threshold of initial entry, Petitioner is entitled to due process rights." (quotation marks and citation omitted)).

Here, Respondents revoked Petitioner's parole without complying with 8 U.S.C. § 1182(d)(5)(A). Respondents have not submitted evidence showing that the Secretary or a designee found that the purposes of Petitioner's parole have been served. The revocation of Petitioner's parole is thus neither consistent with 8 U.S.C. § 1182(d)(5)(A) nor the demands of due process. *See Y-Z-L-H*, 792 F. Supp. 3d at ____ (explaining that 1182(d)(5)(A) "has a mandatory requirement—parole may be terminated or revoked only

when in the Secretary's opinion the parole's purposes have been met"). The Court also adopts and incorporates the reasoning from *Y-Z-L-H* and *Noori*.

### C.  Conclusion

For the reasons stated, the Court grants counts one and two of the Petition For A Writ of Habeas Corpus. Count three is otherwise denied as moot. Respondents are ordered to immediately release Petitioner from custody under the previous conditions imposed for his parole. Respondents shall confirm compliance with this order no later than December 16, 2025. The Court retains jurisdiction to enforce the writ.

**IT IS SO ORDERED.**

Dated:  December 15, 2025
         6:10 P.M.

_____
Honorable Barry Ted Moskowitz
United States District Judge